United States District Court
Northern District of California

**UNITED STATES DISTRICT COURT**

**NORTHERN DISTRICT OF CALIFORNIA**

**SAN JOSE DIVISION**

| | |
|---|---|
| IN RE SAMSUNG GALAXY SMARTPHONE MARKETING AND SALES PRACTICES LITIGATION | Case No. 16-cv-06391-BLF<br><br>**ORDER GRANTING WITH LEAVE TO AMEND MOTION TO DISMISS FIRST AMENDED CONSOLIDATED CLASS ACTION COMPLAINT**<br><br>[Re: ECF 69] |

In this putative consumer class action, Plaintiffs Demetrius Martin, Omar Atebar, Esther Vega, Jesus Vega, Lizett Anguiano, Tomas Hernandez, Greg Robison, Dale Holzworth, Eric Pirverdian, Tomig Salmasian, Michael Kouyoumdjian, Dior Dee, Cory Raymond, and Jesus Sanchez (collectively, "Plaintiffs") assert claims against Samsung Electronics America, Inc. and Samsung Electronics Co., Ltd. (collectively, "Samsung") for alleged defects in their phones. In a separate order, the Court concludes that certain Plaintiffs agreed to arbitrate their dispute with Samsung. Here, the Court addresses Samsung's Motion to Dismiss the First Amended Consolidated Class Action Complaint, Mot., ECF 69, for Plaintiffs whose phones are not subject to arbitration. For the reasons stated on the record at the March 29, 2018 hearing and summarized below, the Court GRANTS WITH LEAVE TO AMEND Samsung's motion to dismiss.

**I. BACKGROUND**

The Court offers a very brief factual and procedural background. For purposes of this order, four phones are at issue—the Galaxy S7 ("S7"), the Galaxy S6 ("S6"), the Galaxy S6 Edge ("S6 Edge"), and the Galaxy Note5 ("Note5"). In the First Amended Consolidated Class Action Complaint ("FAC"), ECF 65, Plaintiffs allege that these phones "pose a risk of overheating, fire and explosion" based in part on Samsung's recall of the Samsung Galaxy Note7. FAC ¶ 37.

Plaintiffs bring causes of action for violations of California, Massachusetts, and Maryland consumer-protection laws as well as unjust enrichment. FAC ¶¶ 143–85, 198–201. Samsung moved to compel arbitration on the ground that Plaintiffs assented to an arbitration clause. ECF 67. In a concurrently filed order, the Court concludes that the phones of the Massachusetts Plaintiff and some of the California Plaintiffs are subject to arbitration, and the Court grants a stay of the proceedings pending arbitration. Here, the Court addresses Samsung's motion to dismiss as to the remaining Plaintiffs—namely, Maryland Plaintiff Robison and California Plaintiffs Atebar (as to the Note5), Jesus Vega, Anguiano, Hernandez, Pirverdian, Salmasian, Dee, and Sanchez.

### III. DISCUSSION

#### A. Personal Jurisdiction

Samsung moves to dismiss Maryland Plaintiff Robison's claims on the ground that he has failed to sufficiently allege that this Court may exercise personal jurisdiction over Samsung. Mot. 7–8. The Court agrees that the present allegations are insufficient to establish either general or specific jurisdiction over Samsung Electronics America or Samsung Electronics Co.

A court may exercise general jurisdiction only when the defendant's "affiliations with the State are so 'continuous and systematic' as to render [the defendant] essentially at home in the forum State." *Daimler AG v. Bauman*, 134 S. Ct. 746, 754 (2014) (quoting *Goodyear Dunlop Tires Operations, S.A. v. Brown*, 564 U.S. 915, 919 (2011)). For corporate defendants, like the Samsung entities, the place of incorporation and the principal place of business are the paradigm places for general jurisdiction. *Id.* at 760. Here, those locations are not in California—Samsung Electronics Co. is headquartered and incorporated in the Republic of Korea, and Samsung Electronics America is headquartered in New Jersey and incorporated in New York. FAC ¶¶ 25–26. Although Plaintiffs plead that both Samsung entities "conduct substantial business in California," *id.* ¶¶ 7–8, the Supreme Court has recognized that general jurisdiction does not lie just because a defendant "engages in a substantial, continuous, and systematic course of business" in the forum. *See Daimler*, 134 S. Ct. at 761 (citations omitted). Plaintiffs fall short of showing that this Court may properly exercise general jurisdiction over Samsung.

Nor have Plaintiffs sufficiently alleged that this Court may exercise specific jurisdiction over Samsung for Plaintiff Robison's claims. Specific jurisdiction is based on the defendant's connections to the state with regard to the particular controversy at issue. *Bristol-Myers Squibb Co. v. Superior Court of California, San Francisco County*, 137 S. Ct. 1773, 1780–81 (2017); *Walden v. Fiore*, 134 S. Ct. 1115, 1121 (2014) ("[T]he defendant's suit-related conduct must create a substantial connection with the forum State."). In *Bristol-Myers*, the Supreme Court held that non-forum residents in a mass tort action had not established specific jurisdiction over the defendant as to their state-law claims alleging that they had been injured by the defendant's drug. 137 S. Ct. at 1782. Specifically, the Court reasoned that the non-residents' suit was not sufficiently connected to the forum because the non-residents did not allege that they had bought or been injured by the drug in the forum or that the defendant created or manufactured the drug in the forum. *Id.* at 1781–82. Plaintiff Robison's contacts are indistinguishable: he is a Maryland resident who purchased his S6 in Maryland and suffered all of his injuries in Maryland. FAC ¶ 16. He also seeks to represent a class of plaintiffs who reside in and purchased their phones in Maryland. *Id.* ¶ 107. With regard to Plaintiff Robison's claims, specific jurisdiction is lacking because the FAC does not allege that Samsung performed any relevant action in California.

Plaintiffs note that *Bristol-Myers* involved a state mass action, whereas this case involves a federal class action. Whether *Bristol-Myers* applies to federal class actions is an open question. *See In re Nexus 6P Prod. Liab. Litig.*, No. 17-CV-02185-BLF, 2018 WL 827958, at *3 n.2 (N.D. Cal. Feb. 12, 2018). However, Plaintiffs identify no authority where a court has determined that *Bristol-Myers* does not apply to a named plaintiff seeking to represent a statewide class of non-forum residents proceeding under non-forum law. Indeed, one of Plaintiffs' cited cases distinguishes between named and unnamed plaintiffs. *Fitzhenry-Russell v. Dr. Pepper Snapple Grp., Inc.*, No. 17-CV-00564 NC, 2017 WL 4224723, at *5 (N.D. Cal. Sept. 22, 2017). At this stage, this Court is inclined to conclude that named Maryland Plaintiff Robison must satisfy the standards set forth in *Bristol-Myers,* particularly because the Court's authority to hear this case under Federal Rule of Civil Procedure 4(k)(1)(A) is derivative of California's long-arm statute. The Court therefore GRANTS Samsung's motion to dismiss Plaintiff Robison's claims for lack of

personal jurisdiction.[1] Nevertheless, given that the law is still evolving in this area, the Court is willing to consider any developments that take place during the pendency of the stay.

### B. Article III Standing

Samsung raises two successful challenges to Article III standing.[2] First, Plaintiff Jesus Vega lacks Article III standing to sue. Mot. 8–9. Unlike most of the other Plaintiffs, Plaintiff Jesus Vega does not allege that he "purchased" his phone; instead, the FAC provides that he "came into possession" of a Note5. FAC ¶ 13. As explained in a separate submission to the Court, Plaintiff Atebar purchased the device for Jesus Vega, and Jesus Vega pays one-third of the monthly cost for T-Mobile phone service. Murphy Decl., ECF 75-2, Ex. 2 ¶¶ 2–3. On these facts, Plaintiff Jesus Vega has not established that he suffered any concrete injury in fact caused by Samsung's conduct. *See Lujan v. Defs. of Wildlife*, 504 U.S. 555, 560 (1992). The FAC does not plead that the overheating defect interfered with Plaintiff Jesus Vega's phone service, FAC ¶ 83, but that is all that Plaintiff Jesus Vega paid for. Instead, as Plaintiffs appear to acknowledge in their opposition, the phone purchaser (Plaintiff Atebar) is the appropriate person to pursue claims that the Note5 is defective. Accordingly, the Court GRANTS Samsung's motion to dismiss Plaintiff Jesus Vega's claims.[3]

Second, no Plaintiff adequately establishes standing to seek injunctive relief. Mot. 11–12. After Plaintiffs filed their FAC, the Ninth Circuit decided *Davidson v. Kimberly-Clark Corp.*, 873 F.3d 1103 (9th Cir. 2017). There, the court identified two circumstances in which a consumer misled by false advertising may demonstrate standing for prospective relief: (1) "she will be unable to rely on the product's advertising or labeling in the future, and so will not purchase the product although she would like to" and (2) "she might purchase the product in the future, despite

---

[1] For the same reasons, Samsung would not be subject to personal jurisdiction in this action as to Massachusetts Plaintiff Holzworth's claims. In the separate order, the Court concludes that the S7 Edge product purchased by Plaintiff Holzworth is subject to arbitration.

[2] Because the plaintiffs and products involved may change in any forthcoming amendment, the Court does not here address Samsung's separate argument that Plaintiffs lack standing to bring claims regarding phones they did not purchase. Mot. 10–11.

[3] Plaintiff Atebar also purchased Plaintiff Esther Vega's S7; thus, Plaintiff Esther Vega would not have standing to maintain the claims in this action. FAC ¶¶ 12, 82; Murphy Decl., Ex. 2 ¶¶ 2–3. As discussed in the separate order, the Court concludes that the S7 product acquired by Plaintiff Esther Vega is subject to arbitration.

4

the fact it was once marred by false advertising or labeling, as she may reasonably, but incorrectly, assume the product was improved." *Id.* at 1115. Plaintiffs' allegations do not fit within either of those categories or otherwise provide that Plaintiffs "suffer[ed] an 'actual and imminent, not conjectural or hypothetical' threat of future harm." *Id.* (quoting *Summers v. Earth Island Inst.*, 555 U.S. 488, 493 (2009)). Accordingly, the Court GRANTS Samsung's motion to dismiss on this ground.

### C. Failure to State a Claim

#### 1. Consumer Protection Statutes

Samsung raises two legitimate, interrelated bases on which Plaintiffs' consumer-protection claims fail.[4] First, Plaintiffs have not adequately pled that each model of Samsung phone at issue suffers from a defect. In particular, Plaintiffs have not identified any particular defect in their phones. Instead, the FAC makes the bare assertion that each model of phone at issue "is unsafe for its intended use by reason of defects in its design, engineering, development, manufacturing, testing, production, and/or assembly." FAC ¶¶ 72–73, 76–77. Such vague, conclusory pleading leaves unclear whether Plaintiffs allege a single universal defect across all phones, or multiple distinct defects in each model, and whether all of the overheating incidents were due to a common defect, or some independent cause specific to the phone at issue. Indeed, the FAC admits that the models have manufacturing differences, such as batteries with different capacities. *Id.* ¶ 35. Plaintiffs must provide a more precise description of each phone and the component or setup that causes thermal runaway events in order to satisfy their burden at the pleading stage. *See, e.g.*, *Punian v. Gillette Co.*, No. 14-CV-05028-LHK, 2016 WL 1029607, at *13 (N.D. Cal. Mar. 15, 2016) ("[A]lthough Plaintiff alleges that leakage is a 'defect' in Duralock Batteries, Plaintiff does not allege that leakage is the result of any systematic design, technical, manufacturing, or other flaw present in all Duralock Batteries.").

Second, Plaintiffs fail to sufficiently allege that Samsung had knowledge of the defect at the time of sale to Plaintiffs. Plaintiffs rely on a scattered series of online reports, but many of

---

[4] The Court does not address Samsung's remaining arguments but notes that, in any amended pleading, Plaintiffs should be mindful of any potential deficiencies identified by Samsung.

5

United States District Court
Northern District of California

those reports post-date individual Plaintiff's purchases, concern phones other than those at issue here, or involve overheating of phone chargers. FAC ¶¶ 51–52. "[A] handful of complaints do not, by themselves, plausibly show that [the defendant] had knowledge of the defects and concealed the defects from customers." *In re Nexus 6P Prod. Liab. Litig.*, No. 17-CV-02185-BLF, 2018 WL 1156861, at *5 (N.D. Cal. Mar. 5, 2018). Plaintiffs also point to Samsung's decision to recall the Note7 based on consumer reports that the device exploded or burst into flames, *id.* ¶ 38, but Plaintiffs fail to adequately connect the phones at issue here to the Note7, especially in light of the FAC's recognition of manufacturing differences between models, *see, e.g., id.* ¶ 35. Moreover, only two Plaintiffs here personally experienced a "thermal runaway event" as that term is defined in the FAC. *See id.* ¶ 40 (stating that a thermal runaway event "generates high temperatures exceeding 1100 degrees Fahrenheit" leading "the battery [to] catch fire or explode"). In these circumstances, Plaintiffs have not sufficiently alleged that Samsung "was aware of a defect at the time of sale to survive [the] motion to dismiss." *Wilson v. Hewlett-Packard Co.*, 668 F.3d 1136, 1145 (9th Cir. 2012). Accordingly, the Court GRANTS Samsung's motion to dismiss the consumer-protection claims.

### 2. Unjust Enrichment

Plaintiffs' claim for unjust enrichment is also deficient because Plaintiffs do not identify the applicable law. As this Court and other courts in this district have recognized, "due to variances among state laws, failure to allege which state law governs a common law claim is grounds for dismissal." *In re Nexus 6P*, 2018 WL 1156861, at *25 (quoting *Romero v. Flowers Bakeries, LLC*, No. 14-CV-05189-BLF, 2016 WL 469370, at *12 (N.D. Cal. Feb. 8, 2016)); *In re TFT–LCD (Flat Panel) Antitrust Litig.*, 781 F.Supp.2d 955, 966 (N.D. Cal. 2011) ("Several other courts in this district have similarly held that a plaintiff must specify the state under which it brings an unjust enrichment claim."). Accordingly, the Court GRANTS Samsung's motion to dismiss Plaintiffs' unjust enrichment claim.

### IV. ORDER

For the foregoing reasons, IT IS HEREBY ORDERED that Samsung's motion to dismiss is GRANTED WITH LEAVE TO AMEND as to Plaintiffs Atebar (as to the Note5), Jesus Vega,

6

Anguiano, Hernandez, Robison, Pirverdian, Salmasian, Dee, and Sanchez.  If Plaintiffs wish to amend their claims, Plaintiffs must file an amended complaint within 30 days of the termination of the stay pending arbitration.  Failure to meet the deadline to file an amended complaint or failure to cure the deficiencies identified in this Order will result in a dismissal of Plaintiffs' claims with prejudice.

Dated: March 30, 2018

BETH LABSON FREEMAN
United States District Judge