UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| IN RE SAMSUNG GALAXY SMARTPHONE MARKETING AND SALES PRACTICES LITIGATION | Case No. 16-cv-06391-BLF<br><br>**ORDER RE PLAINTIFFS' MOTION TO REINSTATE ADMINISTRATIVELY CLOSED CASE AND DEFENDANTS' MOTION TO DISMISS FOR LACK OF PROSECUTION**<br><br>[Re: ECF 93, 96] |

This is a putative class action concerning various models of smartphones manufactured by Defendants Samsung Electronics Co., Ltd. and Samsung Electronics America, Inc. The entire suit is currently stayed and the file is administratively closed. Before the Court are two motions: Plaintiffs' motion to reinstate the case and Defendants' motion to dismiss the case for lack of prosecution. As explained below, the Court will GRANT Plaintiffs' motion and DENY Defendants' motion.

**I.   BACKGROUND**

This case has been stayed since April 13, 2018. ECF 90. Plaintiffs filed the most recent complaint—the First Amended Complaint ("FAC")—in August 2017. ECF 65 ("FAC"). In it, Plaintiffs alleged that Defendants were aware of overheating problems with various models of the smartphones they manufacture and sell, yet failed to fix the problems or warn customers of the dangers posed. *See id.* The FAC was brought by 15 Named Plaintiffs, each of whom had purchased at least one of six models of Samsung phones—the Galaxy S7, the Galaxy S7 Edge, the Galaxy S6, the Galaxy S6 Edge, the Galaxy S6 Edge+, and the Galaxy Note5. *See id.*

Defendants soon filed a motion to compel arbitration, ECF 67, which the Court granted in part on March 30, 2018, ECF 87. Specifically, the Court granted the motion as to Plaintiffs

Martin, Atebar (as to the Galaxy S7[1]), Esther Vega, Holzworth, Kouyoumdjian, and Raymond, who the Court concluded had adequate notice of the arbitration agreement. *Id.* at 25. Because the arbitration agreement included a class action waiver, the Court also granted Defendants' motion to dismiss the class action claims of these six Named Plaintiffs. *Id.* at 24.

The Court denied the motion to compel arbitration as to the remaining Named Plaintiffs and as to Plaintiff Atebar's Galaxy Note5. However, when they filed their motion to compel arbitration, Defendants also filed a motion to dismiss under Federal Rules of Civil Procedure 12(b)(1), 12(b)(2), and 12(b)(6). ECF 69. Pursuant to that motion, on March 30, 2018, the Court dismissed all the claims that had not been compelled to arbitration. ECF 88. The Court granted Plaintiffs leave to amend, but first stayed the entire case pending arbitration of the claims that had been compelled to arbitration. ECF 87 at 25. Plaintiffs were to amend their complaint within 30 days of termination of the stay. ECF 88 at 7.

Having stayed the case, the Court administratively closed the file on April 14, 2018. ECF 90. The parties were "directed to file a joint status report within seven days of the resolution of the arbitration" in which they "shall advise the Court whether the action should be reopened." *Id.*

Six Named Plaintiffs now move to reinstate the case as to the claims that were not compelled to arbitration. ECF 93 ("Pl. Mot."). These Named Plaintiffs are: Omar Atebar (as to the Galaxy Note5), Dior Dee, Tomas Hernandez, Eric Pirverdian, Tomig Salmasian, and Jesus Sanchez. *See id.*; ECF 93-2 at 11. Plaintiffs represent that "[t]he cases that the Court compelled to arbitration are either no longer being pursued or have been resolved." ECF 93-1 at. 2-3. Accordingly, they now want to proceed with the remaining claims. Defendants not only oppose Plaintiffs' motion to reinstate the case, they have also filed their own motion to dismiss the case pursuant to Federal Rule of Civil Procedure 41(b) for failure to prosecute. ECF 96 ("Def. Mot."). According to Defendants, "nothing [has] happened for almost two years"—that is, Plaintiffs did not pursue the claims that were compelled to arbitration. Def. Mot. at 3. Below, the Court resolves both motions.

---

[1] This limitation is necessary for Plaintiff Atebar because he also purchased a Galaxy Note5 for which he is not subject to arbitration. ECF 87 at 15 n.4.

## II. LEGAL STANDARD

Plaintiffs' motion to reinstate the case is purely administrative; it is Defendants' motion to dismiss for lack of prosecution that requires analysis. Federal Rule of Civil Procedure 41(b) provides that "[i]f the plaintiff fails to prosecute . . . a defendant may move to dismiss the action or any claim against it." The Ninth Circuit has identified the following five factors that a court must weigh in determining whether to dismiss a case for lack of prosecution: "(1) the public's interest in expeditious resolution of litigation; (2) the court's need to manage its docket; (3) the risk of prejudice to the defendants; (4) the public policy favoring disposition of cases on their merits and (5) the availability of less drastic sanctions." *Sw. Marine Inc. v. Danzig*, 217 F.3d 1128, 1138 (9th Cir. 2000). Further, the Ninth Circuit has said that "[t]here must also be a showing of unreasonable delay." *Al-Torki v. Kaempen*, 78 F.3d 1381, 1384 (9th Cir. 1996). It is appropriate to consider unreasonable delay under the third factor, the risk of prejudice to the defendants, because "[t]he law presumes injury from unreasonable delay." *Danzig*, 217 F.3d at 1138. "However, this presumption of prejudice is a rebuttable one." *Id.*

Although a district court must consider these factors, the court "is not required to make explicit findings on the essential factors." *Al-Torki*, 78 F.3d at 1384. Furthermore, the ultimate decision whether to dismiss the case is committed to the district court's sound discretion. *Ferdik v. Bonzelet*, 963 F.2d 1258, 1260 (9th Cir. 1992). "Because dismissal is a harsh penalty," however, it is appropriate only in extreme circumstances." *Hernandez v. City of El Monte*, 138 F.3d 393, 400 (9th Cir. 1998) (internal quotations and alterations omitted).

## III. DISCUSSION

Turning to the instant motions, the Court addresses each of the five factors described above. The first and second factors are easily dealt with. As the Ninth Circuit has said repeatedly, the first factor—"the public's interest in expeditious resolution of litigation"—"always favors dismissal." *Pagtalunan v. Galaza*, 291 F.3d 639, 642 (9th Cir. 2002). The same is true of the second factor, the court's need to manage its docket. This case was originally filed November 2016—over three years ago—yet has failed to advance past the pleading stage. Moreover, it is a class action spanning multiple states and products, and thus has the potential to consume

3

significant time and energy from the Court.

The third factor is the risk of prejudice to Defendants. Defendants argue both that Plaintiffs' have engaged in an "unreasonable delay"—meriting a presumption of prejudice—and that actual prejudice is present in this case. First, as to unreasonable delay, Defendants say that "there was no communication from Plaintiffs' counsel to Defendants' counsel at all for over year after the Court's rulings." Def. Mot. at 3 (citing ECF 96-1 ("Katerberg Decl.") ¶ 6). It was not until April 2019 that Plaintiffs' counsel reached out to Defendants' counsel, and even then only to discuss one of the Named Plaintiffs' claims (Plaintiff Holzworth). *Id.* at 3 n.2 (citing Katerberg Decl. ¶ 7). A confidential resolution of Plaintiff Holzworth's claims was ultimately reached in October or November 2019. *Id.* at 3 n.2 (citing Katerberg Decl. ¶ 7); *see* ECF 99 ("Murphy Decl.") ¶ 2. According to Defendants, Plaintiffs then "went dark again" until the filing of their motion to reinstate in February 2020; i.e., Plaintiffs' counsel did not reach out to meet and confer prior to filing the motion. Def. Mot. at 4 n.2 (citing Katerberg Decl. ¶ 9).

Plaintiffs do not materially dispute this timeline.[2] Nor do they attempt to explain the delay from November 2019—when Plaintiff Holzworth's claims were resolved—to February 2020—when Plaintiffs filed the motion to reinstate. At the hearing, Plaintiffs' counsel conceded that they should have filed their motion sooner, in the spirit of the Court's instruction to "file a joint status report within seven days of the resolution of the arbitration." As for the period from April 2018 to April 2019, Plaintiffs' counsel explains that they were conferring with the various other plaintiffs' firms involved in the case and consulting with their clients as to whether they wanted to pursue individual arbitration. Plaintiffs' counsel emphasizes that there is no obligation for the Named Plaintiffs compelled to arbitration to actually pursue arbitration, and that the decision whether to do so required weighing the potential costs and benefits.

These explanations are far from compelling. Although it is true that Plaintiffs were not required to pursue arbitration, Plaintiffs have failed to justify their delay in deciding whether to pursue arbitration and notifying Defendants and the Court of that decision.

---

[2] There is some minor dispute as to whether the resolution for Holzworth's claims were reached on October 28, 2019 or November 6, 2019, but that difference is not material to the instant motions.

1          Nevertheless, the Court agrees with Plaintiffs that the actual prejudice to Defendants
2   appears minimal.  "[P]rejudice itself usually takes two forms—loss of evidence and loss of
3   memory by a witness." *In re Eisen*, 31 F.3d 1447, 1453 (9th Cir. 1994) (internal quotations
4   omitted).  "Whether the prejudice is significant will depend on whether the plaintiff's actions
5   impair the defendant's ability to go to trial or threaten to interfere with the rightful decision of the
6   case." *Id.* (internal quotations omitted).  Although Defendants claim that the "detailed technical
7   information from third-party manufacturers" will be less accessible, the Court is not persuaded
8   that is the case.  Def. Mot. at 9.  Such documentary evidence is unlikely to have been destroyed,
9   particularly as the phone models at issue are only about five years old.  Moreover, as Plaintiffs
10  point out, Defendants have long been aware of the factual allegations brought by the instant
11  Named Plaintiffs.  In the absence of a more concrete showing of prejudice by Defendants, the
12  Court does not believe any prejudice will be significant.
13         In sum, the Court finds that although Plaintiffs indisputably delayed in pursuing the claims
14  compelled to arbitration, that delay has not resulted in significant prejudice to Defendants as to the
15  nonarbitrable claims.  The third factor therefore weighs in favor of dismissal, but not strongly.  *See*
16  *Dreith v. Nu Image, Inc.*, 648 F.3d 779, 788 (9th Cir. 2011) ("In order to warrant a sanction of
17  dismissal, the party's violations of the court's orders must be due to wilfulness or bad faith.").
18         Next is the fourth factor, "the policy favoring disposition of cases on the merits."  This
19  factor "normally weighs against dismissal," *In re Phenylpropanolamine (PPA) Prod. Liab. Litig.*,
20  460 F.3d 1217, 1237 (9th Cir. 2006), and the Court believes it does here as well.  It is true, as
21  Defendants point out, that this factor "'lends little support' to a party whose responsibility it is to
22  move a case toward disposition on the merits but whose conduct impedes progress in that
23  direction." *Id.* at 1228 (quoted at Def. Mot at 10).  Such reasoning would have some force here if
24  the Named Plaintiffs who were compelled to arbitration were now trying to reopen the case (e.g.,
25  as to claims that were not arbitrable).  However, five of the six Named Plaintiffs seeking to resume
26  litigation were not compelled to arbitration but were nevertheless required to await the arbitration
27  of other plaintiffs' claims before making progress toward "disposition on the merits."  Thus,
28  although the Court by no means excuses Plaintiffs' counsel's lack of diligence, the Named

5

Plaintiffs currently before the Court are less culpable for failing to move their claims forward. The Court finds that the policy favoring disposition of on the merits weighs squarely against dismissal.

Finally, as to the fifth factor, the Ninth Circuit has said that a court "abuses its discretion if it imposes a sanction of dismissal without first considering the impact of the sanction and the adequacy of less drastic sanctions." *In re PPA Prod. Liab. Litig.*, 460 F.3d at 1228. Here, neither party has identified an alternative sanction that might be appropriate in light of the procedural posture of the case. Still, the Court is mindful that it did not have the opportunity to warn Plaintiffs of the possibility of dismissal prior to considering dismissal. *See id.* (explaining that whether the court "warn[ed] the plaintiff of the possibility of dismissal before actually ordering dismissal" is relevant to this factor). On the other hand, the Ninth Circuit has indicated that this factor is less influential when the dismissal is in response to a noticed motion rather than *sua sponte*. *See id.* Moreover, Plaintiffs' counsel is an experienced firm and should have been aware of the possibility of dismissal. All told, the Court does not believe that "the availability of less drastic sanctions" cuts strongly in either direction.

Having weighed the above factors, the Court finds that they do not all weigh strongly in favor of dismissal. Although Plaintiffs' conduct has been far from diligent, these circumstances are not sufficiently "extreme" to merit the "harsh penalty" of dismissal. *City of El Monte*, 138 F.3d at 400. Accordingly, the Court DENIES Defendants' motion to dismiss; the six Named Plaintiffs seeking to reinstate their claims will be permitted to do so.

## IV. ORDER

For the foregoing reasons, Defendants' motion to dismiss is DENIED and Plaintiffs' motion to reinstate the case is GRANTED. The stay in this case is hereby lifted. Plaintiffs must file their Second Amended Complaint by **May 11, 2020**.

**IT IS SO ORDERED.**

Dated: May 4, 2020

_____
BETH LABSON FREEMAN
United States District Judge